**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|     Plaintiff, | ) |
| v. | ) |
| | ) Case No.: 9:24-cv-80795 |
| KAREN CORCORAN WALSH and CHRISTOPHER WALSH, | ) |
|     Defendants. | ) |

**PETITION FOR JUDICIAL APPROVAL
OF A LEVY UPON A PRINCIPAL RESIDENCE**

The United States of America petitions this Court for an order approving an administrative levy by the Internal Revenue Service upon the principal residence of Karen Corcoran Walsh, co-owned by her spouse, Christopher Walsh. In support of this petition, the United States submits the Declaration of Revenue Officer Steven Lee[1] ("Lee Declaration"), attached as Exhibit A, and asserts the following:

1. This action has been authorized by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and is brought at the direction of the Attorney General of the United States, in accordance with 26 U.S.C. § 7401.

2. This Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 1340, and 26 U.S.C. §§ 6334(e)(1) and 7402(a).

3. Venue is proper in the Southern District of Florida under 28 U.S.C. §§ 3921(b) and 1396.

---

[1] "Steven Lee" is an authorized pseudonym used by the IRS Revenue Officer in the course of performing his official duties.

1

4. The Internal Revenue Code authorizes the Internal Revenue Service to levy upon a taxpayer's property, or rights to property, to collect an unpaid tax liability. *See* 26 U.S.C. § 6331. The Code allows the IRS to administratively levy property that a taxpayer uses as a principal residence (as that term is used in 26 U.S.C. § 121), as long as such a levy is: (1) approved in writing by a United States District Court Judge or Magistrate Judge, and (2) the amount of the taxpayer's liability exceeds $5,000.00. *See* 26 U.S.C. §§ 6334(a)(13)(B) & 6334(e)(1). *See also* 26 C.F.R. § 301.6334-1(d).

5. The United States seeks the Court's approval to levy upon Defendant Karen Corcoran Walsh's ("Ms. Walsh") and Defendant Christopher Walsh's ("Mr. Walsh") interests in the real property located at 402 NE 10th Ter., Boca Raton, Florida 33432 ("the Property"). Lee Declaration at ¶¶ 15, 17. The Property is within this Court's jurisdiction and is legally described as follows:

> Lot 8, Alain Cushman Subdivision, according to the Plat thereof, recorded in Plat Book 23, at Page 27 of the Public Records of Palm Beach County, Florida.

6. Ms. Walsh and Mr. Walsh are a married couple. They have jointly owned the Property since 2013. *Id.* ¶ 18.

7. Ms. Walsh resides at the Property. *Id.* ¶ 15. Upon information and belief, the Property is Ms. Walsh's principal residence. *Id.* ¶ 16.

8. Upon information and belief, Mr. Walsh does not currently reside at the Property. *Id.* ¶ 17.

9. To obtain approval from the Court to administratively levy on the Property, the United States must establish that:

> a. The taxpayer owes the liability;
> b. The requirements of any applicable law or administrative procedure relevant to the levy have been met; and
> c. No reasonable alternative for the collection of the debt exists.

2

*See* 26 C.F.R. § 301.6334-1(d)(1). Unless either defendant files a timely and appropriate objection, the Court should enter an order approving a levy of the Property. *See* 26 U.S.C. § 6334-1(d)(2).

10. This action arises out of Ms. and Mr. Walsh's owed federal tax trust fund recovery penalties for various periods in 2014 through 2018.

11. Ms. and Mr. Walsh have a history of failing to pay "trust fund" taxes withheld from the wages of the employees of three businesses they owned and operated: Inspirations for Youth and Families, LLC (both defendants); Cove Center for Recovery, LLC (Mr. Walsh only); and Urgent Medical Billing LLC (Mr. Walsh only). Since 2014, Ms. and Mr. Walsh failed to pay these employment taxes for their businesses despite the mandate of 26 U.S.C. §§ 3102, 3401, and 7501(a). Lee Declaration at ¶¶ 5-7.

12. On the dates below and for the following tax periods and businesses a delegate of the Secretary of the Treasury made the following trust fund recovery penalty assessments pursuant to 26 U.S.C. §§ 6201 and 6672 against Mr. Walsh (*Id.* ¶ 6):

| Tax Period & Business | Date Assessed | Amount Assessed | Business Entity |
|---|---|---|---|
| 2014 – Q3 | 06/18/2019 | $140,001.46 | Inspirations for Youth and Families LLC |
| 2014 – Q3 | 03/15/2021 | $36,284.30 | Cove Center for Recovery LLC |
| 2014 – Q4 | 06/18/2019 | $119,085.94 | Inspirations for Youth and Families LLC |
| 2014 – Q4 | 03/15/2021 | $36,284.30 | Cove Center for Recovery LLC |
| 2015 – Q1 | 06/18/2019 | $112,146.63 | Inspirations for Youth and Families LLC |
| 2015 – Q1 | 03/15/2021 | $21,660.64 | Cove Center for Recovery LLC |
| 2015 – Q2 | 06/18/2019 | $101,699.64 | Inspirations for Youth and Families LLC |
| 2015 – Q2 | 03/15/2021 | $27,971.48 | Cove Center for Recovery LLC |
| 2015 – Q3 | 06/18/2019 | $109,690.04 | Inspirations for Youth and Families LLC |
| 2015 – Q3 | 03/15/2021 | $27,314.02 | Cove Center for Recovery LLC |

| | | | |
|---|---|---|---|
| 2015 – Q4 | 12/02/2019 | $128,049.13 | Inspirations for Youth and Families LLC |
| 2015 – Q4 | 03/15/2021 | $40,527.94 | Cove Center for Recovery LLC |
| 2016 – Q1 | 11/23/2020 | $26,322.21 | Urgent Medical Billing LLC |
| 2016 – Q3 | 6/18/2019 | $178,237.87 | Inspirations for Youth and Families LLC |
| 2016 – Q3 | 03/30/2020 | $63,770.68 | Urgent Medical Billing LLC |
| 2016 – Q3 | 03/15/2021 | $32,642.36 | Cove Center for Recovery LLC |
| 2016 – Q4 | 06/18/2019 | $125,706.69 | Inspirations for Youth and Families LLC |
| 2016 – Q4 | 11/23/2020 | $54,072.80 | Urgent Medical Billing LLC |
| 2016 – Q4 | 03/15/2021 | $34,086.52 | Cove Center for Recovery LLC |
| 2017 – Q1 | 06/18/2019 | $142,015.91 | Inspirations for Youth and Families LLC |
| 2017 – Q1 | 03/30/2020 | $62,581.16 | Urgent Medical Billing LLC |
| 2017 – Q1 | 03/15/2021 | $32,823.98 | Cove Center for Recovery LLC |
| 2017 – Q2 | 03/30/2020 | $46,223.18 | Urgent Medical Billing LLC |
| 2017 – Q4 | 06/18/2019 | $29,513.75 | Inspirations for Youth and Families LLC |
| 2017 – Q4 | 03/30/2020 | $22,908.33 | Cove Center for Recovery LLC |
| 2017 – Q4 | 04/06/2020 | $12,947.73 | Urgent Medical Billing LLC |
| 2018 – Q1 | 03/30/2020 | $20,226.50 | Cove Center for Recovery LLC |
| 2018 – Q1 | 04/06/2020 | $27,638.86 | Urgent Medical Billing LLC |
| 2018 – Q2 | 03/30/2020 | $13,193.91 | Urgent Medical Billing LLC |
| 2018 – Q3 | 12/02/2019 | $71,588.24 | Inspirations for Youth and Families LLC |
| 2018 – Q3 | 03/15/2021 | $7,992.15 | Cove Center for Recovery LLC |
| 2018 – Q4 | 06/18/2019 | $55,858.12 | Inspirations for Youth and Families LLC |
| **TOTAL** | | | **$1,961,066.47** |

13. Likewise, on the dates below and for the following tax periods a delegate of the Secretary of the Treasury made the following trust fund recovery penalty assessments pursuant to 26 U.S.C. §§ 6201 and 6672 against Ms. Walsh (*Id.* ¶ 7):

| Tax Period | Date Assessed | Amount Assessed | Business Entity |
|---|---|---|---|
| 2014 – Q3 | 07/03/2019 | $140,001.46 | Inspirations for Youth and Families LLC |
| 2014 – Q4 | 07/03/2019 | $119,085.94 | Inspirations for Youth and Families LLC |
| 2015 – Q1 | 07/03/2019 | $112,146.63 | Inspirations for Youth and Families LLC |
| 2015 – Q2 | 07/03/2019 | $101,699.64 | Inspirations for Youth and Families LLC |
| 2015 – Q3 | 07/03/2019 | $109,690.04 | Inspirations for Youth and Families LLC |
| 2015 – Q4 | 12/02/2019 | $128,049.13 | Inspirations for Youth and Families LLC |
| 2016 – Q3 | 07/03/2019 | $178,237.87 | Inspirations for Youth and Families LLC |
| 2016 – Q4 | 07/03/2019 | $125,706.69 | Inspirations for Youth and Families LLC |
| 2017 – Q1 | 07/03/2019 | $142,015.91 | Inspirations for Youth and Families LLC |
| 2017 – Q4 | 07/03/2019 | $29,513.75 | Inspirations for Youth and Families LLC |
| 2018 – Q3 | 12/02/2019 | $71,588.24 | Inspirations for Youth and Families LLC |
| 2018 – Q4 | 07/03/2019 | $55,858.12 | Inspirations for Youth and Families LLC |
| **TOTAL** | | | **$1,313,593.42** |

14. Notices of these assessments and demand for payment were duly given to Ms. and Mr. Walsh. *Id.* ¶ 8.

15. Despite notice and demand for payment neither Mr. Walsh nor Ms. Walsh have paid their liabilities in full. *Id.* ¶ 13.

16. In accordance with 26 U.S.C. §§ 6321 and 6322, on the dates of assessment federal tax liens arose for the assessments described above on all property and rights to property belonging to the taxpayers, including the Property.

17. The IRS filed Notices of Federal Tax Liens ("NFTLs") for Mr. Walsh as follows (Lee Declaration at ¶ 9):

| Tax Period(s) | Date NFTL Filed | Location Filed |
|---|---|---|
| 2014 – Q3, Q4<br>2015 – Q1, Q2, Q3<br>2016 – Q3, Q4<br>2017 – Q1, Q4<br>2018 – Q4 | 08/15/2019 | County Courthouse, Broward County, Ft. Lauderdale, FL |
| 2014 – Q3, Q4<br>2015 – Q1, Q2, Q3<br>2016 – Q3, Q4<br>2017 – Q4<br>2018 – Q4 | 09/13/2019;<br>4/14/2023 (corrected) | County Courthouse, Palm Beach County, West Palm Beach, FL |
| 2015 – Q4<br>2018 – Q3 | 1/15/2020 | County Courthouse, Broward County, Ft. Lauderdale, FL |
| 2017 – Q2<br>2018 – Q1 (2), Q2 | 10/26/2020 | County Courthouse, Broward County, Ft. Lauderdale, FL |
| 2016 – Q1 | 1/11/2021 | County Courthouse, Broward County, Ft. Lauderdale, FL |
| 2016 – Q1<br>2017 – Q2<br>2018 – Q1(2), Q2, Q3(2) | 03/03/2022 | County Courthouse, Palm Beach County, West Palm Beach, FL |
| 2014 – Q3(2), Q4(2)<br>2015 – Q1(2), Q2(2), Q3(2), Q4(2)<br>2016 – Q3(3), Q4(3)<br>2017 – Q1(3), Q4(3)<br>2018 – Q4(2) | 04/11/2023 | County Courthouse, Palm Beach County, West Palm Beach, FL |

18. Likewise, on August 7, 2019, and August 29, 2019, NFTLs for Ms. Walsh were recorded in the county courthouses for Palm Beach County, FL, and Broward County, FL for her owed liabilities for Q3 and Q4 of 2014; Q1, Q2, and Q3 of 2015; Q3 and Q4 of 2016; Q1 and Q4 of 2017; and Q4 of 2018. On January 15, 2020, amended April 14, 2023, NFTLs for Ms. Walsh were recorded in the county courthouse for Palm Beach County, FL for her owed Q4 2015 and Q3 2018 liabilities. *Id.* ¶ 10.

19. On August 15, 2019, September 12, 2019, January 14, 2020, November 27, 2020, January 12, 2021, and January 27, 2022, the IRS mailed Mr. Walsh Letters 3172 entitled "Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320" for the corresponding NFTLs identified in paragraph 16. Letter 3172 notifies taxpayers that lien notices have been filed by the IRS and informs them that they have a right to request a hearing to appeal the collection. *Id.* ¶ 21.

20. On August 8, 2019, and January 14, 2020, the IRS sent Letters 3172 to Ms. Walsh for the NFTLs noted in paragraph 17. *Id.* ¶ 21.

21. Neither Ms. nor Mr. Walsh submitted a request for a hearing. *Id.*

22. On August 5, 2019, December 31, 2019, October 9, 2020, December 28, 2020, and January 13, 2022, the IRS issued Notices of Intent to Levy for Mr. Walsh. *Id.* ¶ 11.

23. On July 29, 2019 and December 31, 2019 , the IRS issued Notices of Intent to Levy for Ms. Walsh. *Id.* ¶.

24. On May 5, 2022, the IRS sent Ms. Walsh, Mr. Walsh, and their POA Notices of Intent to Seize by certified mail. The Notices of Intent to Seize had a June 6, 2022 deadline to full pay. *Id.* ¶ 12.

25. Despite notice and demand, Ms. and Mr. Walsh have failed to pay the liabilities in full. *Id.* ¶ 13.

26. As of June 24, 2024, Ms. and Mr. Walsh remain indebted to the United States for unpaid federal income taxes, plus associated penalties and interest, for tax years 2014 through 2018 in the amount of $4,131,873.02. *Id.* ¶ 14. Interest and penalties continue to accrue on that amount.

27. As fully described in the Lee Declaration, the IRS has satisfied all legal requirements and administrative procedures applicable to levy the Property. *Id.* ¶ 19.

28. The IRS has exhausted all reasonable alternative means of collecting Ms. and Mr. Walsh's tax debts. For example:

   a. Since before 2018 the IRS discussed collections alternatives, such as installment agreements and offers in compromise, with Mr. and Ms. Walsh's Power of Attorney in good faith. Mr. and Ms. Walsh defaulted an installment payment agreement, and they regularly failed to make estimated tax payments, but they have not supplied verifiable financial information necessary for the IRS to determine collectability.

   b. Mr. and Ms. Walsh have used multiple alter egos, such as CK Walsh Enterprises LLC and Croissant Park Residence #3 LLC, to place assets and cash beyond government collections.

   c. Attempts to levy Mr. and Ms. Walsh's known bank accounts have yielded negligible revenue.

   d. Prior seizures of Mr. and Ms. Walsh's property has yielded insufficient revenues to cover their existing tax debts.

   e. Mr. and Ms. Walsh have not appealed the IRS's May 5, 2022 Notice of Intent to Seize, nor have they filed an IRS Form 911 requesting assistance from the IRS's Taxpayer Advocate Service on the basis of hardship.

   f. In March 2023, Mr. and Ms. Walsh rejected an approximately $1,550,000 cash offer for the Property which would have satisfied a large portion of their outstanding tax debts.

   g. On April 14, 2023, the IRS was informed by a paralegal at Mr. and Ms. Walsh's attorney's firm that Ms. and Ms. Walsh accepted a $1,600,000 offer for the Property. Mr. and Ms. Walsh sought to discharge the Property from the federal tax

   liens. The IRS Advisory unit explained that they needed to obtain a discharge of the tax liens from the Property to convey clear title. Mr. and Ms. Walsh did not respond to IRS Advisory's requests for additional information necessary to process their lien discharge application. As a result, on or about June 16, 2023, the lien discharge application was closed.

  h. As of the present date, the Property remains unsold.

*Id.* ¶ 27.

29. There is no reasonable alternative to a levy on Ms. and Mr. Walsh's principal residence to satisfy their unpaid federal tax liabilities.

 **WHEREFORE**, the United States prays that:

 A. This Court enter the attached Order to Show Cause; and

 B. If no written Objection to Petition is filed with the Court within 35 days from the date of the Order to Show Cause, the Court enter an order approving the administrative levy on the Property, to be executed by any authorized officer of the IRS; and,

 C. If a written Objection to Petition is timely filed, the Court set a hearing date for this matter, at which the objections raised shall be considered and after which the Court may enter an additional order approving the administrative levy on the Property to be executed by any authorized officer of the IRS.

Dated: June 28, 2024.

               Respectfully submitted,

               David A. Hubbert
               Deputy Assistant Attorney General

By: **Christopher Merino**
Christopher Merino
Florida Bar Number 1011386
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
Telephone:   202-892-0242
Facsimile:    202-514-4963
Christopher.Merino@usdoj.gov

Of Counsel:

Markenzy Lapointe
United States Attorney
For the Southern District of Florida